UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:17-CR-228 WBS |
| Plaintiff, | |
| v. | ORDER |
| CHRISTOPHER RAMONAGUILAR LAWRENCE, | |
| Defendant. | |

----oo0oo----

Defendant Christopher Ramonaguilar Lawrence, who is currently confined at the Sacramento County Jail awaiting sentencing, has filed a Request for Temporary Release from custody to attend the funeral of his grandfather. (Docket No. 160.) The United States Attorney has filed an opposition to the request (Docket No. 162), defendant has filed a reply (Docket No. 163), and the Pretrial Services Officer recommends against release.

Defendant presents three options: (1) release to attend

1

both a viewing on June 24, and a graveside funeral on June 25, 2020, with an overnight stay at a motel in Chico, California; (2) release to attend only the viewing on Wednesday evening and be returned to the jail the same night; or (3) release to attend only the funeral on Thursday and be returned to the jail that same day.  His family has offered to put up a $200,000 bond to secure his return to the jail.

        The court is not persuaded that under any of these options defendant's release would not pose a risk of flight or danger to the community.  See 18 U.S.C. § 3143(a)(2)(B).  Even assuming that § 3142(i) applies to defendants awaiting sentence after trial (see United States v. Hernandez, No. 20-50120, 2020 U.S. App. LEXIS 18775 (9th Cir. June 15, 2020) (assuming without deciding that § 3142(i) applies to defendants awaiting sentence); but see United States v. Gerrans, Case No. 18-cr-00310-EMC-1, 2020 WL 1865420, at *1 (N.D. Cal April 14, 2020) (holding that by its terms § 3142(i) applies only to pretrial unconvicted detainees)), the court does not find that the desire to attend the funeral of defendant's grandfather constitutes a compelling reason for his release under the presently existing conditions.

        In the short time that defendant has been confined in the Sacramento County Jail, he has been found to have violated the jail's rules on three occasions, for organizing a gambling tournament, possessing a contraband tattoo kit, entering another inmate's cell, insubordination, and fermenting fruit and bread to produce contraband alcohol.  The original Pretrial Services Report listed six bench warrants which had been issued in the past for defendant's failure to appear for criminal court

proceedings.  All of that causes the court to question whether defendant can be trusted to follow orders.  The Pretrial Services Officer also advises that there is an active no bail warrant issued for defendant out of Placer County and another outstanding $50,000 warrant for failure to appear out of the Butte County Superior Court, which must be considered in deciding whether to turn defendant loose even for a short period of time.

Most importantly, defendant's request contains scant information about the funeral he desires to attend.  First, there is no showing as to how close his relationship was to his grandfather, so that the court cannot assess how pressing the need to attend the funeral is for defendant or his family.  Second, there are insufficient details about the services to allow the court to assess the precautions which will be taken for social distancing there.  Even if precautions will be taken by those directing the funeral, defendant's criminal history and background do not give the court confidence he would comply with them.  Although the court understands the jail has procedures in place for mitigation of risk of transmitting COVID-19 by newly incarcerated inmates, allowing defendant to leave the jail even for a short period of time under these circumstances would present an unnecessary risk of infection of other inmates and staff at the jail.

For the above reasons, as well as those discussed in the United States Attorney's opposition, defendant's request for temporary release from custody is DENIED.

Dated:  June 23, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE