UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

                    Plaintiff,

         v.

CHRISTOPHER LAWRENCE,

                    Defendant.

No. 2:17-cr-00228 WBS

ORDER

----oo0oo----

On August 29, 2019, defendant Christopher Lawrence was found guilty by a jury of sex trafficking of a child in violation of 18 U.S.C. § 1591(a)(1), and distributing methamphetamine to a person under twenty-one in violation of 21 U.S.C. § 859(a).  (See Docket No. 136 ("PSR").)  On July 6, 2020, he was sentenced to imprisonment for a term of 168 months, to be followed by a term of supervised release of 120 months, and was ordered to pay a penalty assessment of $200.  (See Docket No. 173.)  Now, he moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("Section 3582(c)(2)") and the "status point" provision of

Amendment 821 to the United States Sentencing Guidelines. (Docket No. 189.)  Specifically, defendant claims that a sentence reduction is warranted because he received "'status' points for being under a criminal justice sentence at the time of [his] offense."  (Id. at 1); see U.S.S.G. § 4A1.1(e).

Section 3582(c)(2) permits a federal court to "modify a term of imprisonment" where "a defendant [was] sentenced . . . based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Guidelines."  Relevant here, "[u]nder Amendment 821's status point provision, a defendant now receives a single criminal history point, instead of two, if he committed the instant offense while under a criminal justice sentence and already has 7 or more criminal history points." United States v. McClain, No. 2:19-cr-165 WBS, 2024 WL 4441931, at *1 (E.D. Cal. Oct. 8, 2024).  However, a sentence reduction is not permitted under Section 3582(c)(2) if Amendment 821 "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2).

As the probation officer found in the presentence report, defendant was assigned two criminal history points for a prior criminal conviction, resulting in a criminal history category of II.  (PSR §§ 44-47.)  However, defendant was not assigned any status points for committing the instant federal offenses while under a criminal justice sentence pursuant to the then-effective version of U.S.S.G. § 4A1.1(d).  (See id.)  Thus, as the government argues, Amendment 821 does not apply to defendant and correspondingly does not reduce his advisory

2

guidelines range.  (See Docket No. 194 at 3.)  Accordingly, the court may not reduce defendant's sentence pursuant to Section 3582(c)(2).  See U.S.S.G. § 1B1.10(a)(2).

IT IS THEREFORE ORDERED that defendant's motion for reduction of sentence (Docket No. 189) be, and the same hereby is, DENIED.[1]

Dated:  March 27, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1]    Although defendant does not seek a reduction pursuant to U.S.S.G. § 4C1.1, which applies to individuals assessed with zero criminal history points at the time of sentencing, he is nevertheless ineligible for a reduction under this provision because he was assessed with two criminal history points at the time of sentencing due to a prior conviction.  (See PSR §§ 44-47; Docket No. 194 at 3.)

3